UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAMADOU ABDOUL,<br><br>　　　　Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>　　　　Respondent. | Civil Action No. 17-241 (MCA)<br><br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner's habeas Petition challenging his prolonged detention pursuant to 28 U.S.C. § 2241. It appearing that:

1. Petitioner's Petition was docketed on January 11, 2017. (ECF No. 1.) On March 3, 2017, the Court directed Respondent to file an Answer to the Petition; Respondent filed the Answer on April 7, 2017. Petitioner filed his Reply on April 25, 2017. (ECF No. 4.) The record submitted by the parties established Petitioner was detained by Immigration and Customs Enforcement ("ICE") as an arriving alien seeking admission pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). (*See* ECF No. 3, Answer at 1.) Petitioner sought asylum, and, at the time of the parties' briefing, an immigration judge had denied Petitioner's asylum claim but his appeal of that decision was still pending before the Board of Immigration Appeals ("BIA") (*see* ECF No. 3-1, Declaration of Deportation Officer Steven George at ¶¶ 3-9); as such, Petitioner was not subject to a final order of removal.[1]

---

[1] Orders of removal become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which

1

2. On July 5, 2017, Bryan Lonegan, Trial Attorney for the Office of Immigration Litigation, wrote to the Court on behalf of Respondent and informed the Court that the BIA dismissed Petitioner's appeal on April 28, 2017, and that Petitioner had not filed a petition for review with the Third Circuit. (*See* ECF No. 5 at 1.) Mr. Lonegan attached to his letter a copy of the BIA decision. (ECF No. 5-1, BIA decision dated April 28, 2017.)

3. Petitioner is currently detained under a final order of removal pursuant to 8 U.S.C. § 1231(a)(1), and his detention is governed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *See Zadvydas*, 533 U.S. at 689. The Court recognized six months as a "presumptively reasonable period" of post-removal order detention. *Id.* at 701. If, after the 6–month period expires, the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *See id.*

4. Here, Petitioner's removal period began on April 28, 2017, when the BIA dismissed Petitioner's appeal and affirmed the removal order. *See* 8 U.S.C. § 1231(a)(1)(B)(i). Accordingly, Petitioner's detention is mandatory from April 28 2017 to July 27, 2017, the date the 90-day removal period ends. The presumptively reasonably six-month period for removal does not expire until October 28, 2017. Accordingly, any claim that Petitioner's detention is prolonged is premature, and the Petition shall be dismissed without prejudice at this time. *See,*

---

the alien is permitted to seek review of such order by the Board of the Immigration Appeals." *See* 8 U.S.C. § 1101(a)(47)(B).

*e.g., Charlot v. Green*, No. 15- 7706(KM), 2016 WL 236215, at *1 (D.N.J. Jan. 20, 2016), *reconsideration denied*, No. CV 15-7706(KM), 2016 WL 1118247 (D.N.J. Mar. 21, 2016) (citing *Grossett v. Muller*, No. 13-0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period). The dismissal is without prejudice to Petitioner's filing of a <u>new petition</u> if he is not removed within the six-month presumptively reasonable removal period and his removal is not reasonably foreseeable. An appropriate Order follows.

 

_____
Madeline Cox Arleo, District Judge
United States District Court